# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAGNER et al., Plaintiffs, v. MIDWEST AUTOMATION LLC, et al., Defendants. | CIVIL ACTION No. 19-1034 |

**McHUGH, J.**                                                                                                                      **November 1, 2019**

## MEMORANDUM

Before me is the Motion to Dismiss of nonresident Defendant OMMA Srl (OMMA), in which it alleges that it is not subject to personal jurisdiction in this Court. *See* ECF 13. When a district court sits in diversity, it "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see also* Fed. R. Civ. P. 4(k). The forum state in this case is Pennsylvania. Pennsylvania authorizes jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. 42 Pa. C.S. § 5322(b). In turn, the due process clause of the Fourteenth Amendment permits personal jurisdiction so long as the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Within the bounds of "fair play and substantial justice," a court's exercise of personal jurisdiction over a defendant may be either general or specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984).

***1. General Jurisdiction.*** A court may exercise general personal jurisdiction over a nonresident defendant when the defendant's contacts with the forum state are so "continuous and systematic" that the defendant is "'essentially at home in the forum State.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014)). A corporation typically is at home in the state in which it is incorporated or in which it maintains its principal place of business. *Id.* Consequently, it is "incredibly difficult to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place of business." *Id.* (internal quotation marks omitted).

Against this backdrop, OMMA argues that this Court may not assert general personal jurisdiction over it because it was never "at home" in Pennsylvania. I agree. The company is not incorporated here, does not maintain an office here, and does not supervise its business or any of its employees here. Plaintiffs have alleged no facts to the contrary. Indeed, neither Plaintiffs nor co-Defendant Midwest offers any argument why this Court should or could exercise general personal jurisdiction against OMMA. In their Response, Plaintiffs note only that "it is not in the interest of the court to simply dismiss all claims against [OMMA]." ECF 14, at 8. Midwest does no better, stating only that "[t]he possibility exists that OMMA has other contacts or activities in Pennsylvania such that they would be subject to general jurisdiction in the forum." ECF 15, at 4. Much more is required before this Court will assert general personal jurisdiction over a nonresident defendant. Accordingly, Defendants' pending Motion to Dismiss will be granted as to general personal jurisdiction, and Plaintiffs' request for leave to conduct jurisdictional discovery on that basis is denied.

***2. Specific Jurisdiction.*** Unlike general personal jurisdiction, a court may exercise specific personal jurisdiction "when the cause of action arises from the defendant's forum related

2

activities." *Chavez*, 836 F.3d at 223. A cause of action arises from a defendant's forum-related activities when (1) the defendant purposefully directed its activities at the forum and (2) the litigation arose out of or relates to at least one of those activities. *Numeric Analytics, LLC v. McCabe*, 161 F. Supp. 3d 348, 355 (E.D. Pa. Feb. 9, 2016) (McHugh, J.) (quoting *Int'l Shoe*, 326 U.S. at 320). Even if those requirements are met, the court may consider whether the exercise of specific personal jurisdiction otherwise "comports with fair play and substantial justice." *Id.*

Here, Plaintiffs' specific personal jurisdiction argument seems premised in part on a "stream-of-commerce" theory. The stream-of-commerce theory contends that "specific personal jurisdiction exists over a non-resident defendant when that defendant has injected its goods into the forum state indirectly via the so-called stream of commerce, rendering it foreseeable that one of the defendant's goods could cause injury in the forum state." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (internal quotation marks omitted). However, as the Court of Appeals recently observed, "[a] plurality of Supreme Court Justices has twice rejected the stream-of-commerce theory." *Id.* (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877-85 (2011) (plurality opinion); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-13 (1987) (plurality opinion)). The prevailing view among these pluralities appears to be that plaintiffs must instead rely on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi*, 480 U.S. at 109. Following the Supreme Court's lead, the Court of Appeals has thus been reluctant to endorse the stream-of-commerce theory as a basis for a court's exercise of specific personal jurisdiction. *See Shuker*, 885 F.3d at 780.

Plaintiffs' allegations state only that OMMA sold its machine to Midwest, a Minnesota corporation, which in turn distributed the machine into Pennsylvania. Such attenuated contacts

3

with Pennsylvania, without more, will not suffice under *Shuker*, the most recent pronouncement from the Court of Appeals on specific personal jurisdiction. *Id.* at 780-81.

Nevertheless, the declaration offered by Defendant OMMA in support of its motion to dismiss, *see* ECF 13 (declaration of OMMA General Manager), does not entirely foreclose the possibility that the alleged injuries "arise out of or relate to" activities "purposefully directed" by OMMA toward residents of Pennsylvania. *See Shuker*, 885 F.3d at 780-81.

Accordingly, I will grant Plaintiffs' request for jurisdictional discovery, but limit that grant in both time and scope. For ninty days from the issuance of this ORDER, Plaintiffs may seek discovery from any Defendant to establish a basis for this Court to exercise specific personal jurisdiction over Defendant OMMA. By the end of that period, Plaintiffs shall update this Court on whether it seeks to supplement any arguments offered in ECF 14.

/s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Judge