IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAGNER et al., : | |
|            Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | No. 19-1034 |
| : | |
| MIDWEST AUTOMATION LLC, et al., : | |
|            Defendants. : | |

McHUGH, J.                                                                                          OCTOBER 1, 2020

### MEMORANDUM

This is a product liability action arising out of an injury suffered by Plaintiff Michelle Wagner when she was operating a glue-spreading machine used in the cabinetmaking industry. Defendant OMMA is the manufacturer of the machine. OMMA is located in Italy, and the machine in question was manufactured there. It was then sold by OMMA to Defendant Midwest Automation LLC, located in Minnesota, which subsequently sold the product to a factory in Pennsylvania.

OMMA moved to dismiss for lack of subject matter jurisdiction at the outset of the case. In a memorandum opinion issued November 1, 2019 (ECF 17), I concluded that there was not a basis for asserting general jurisdiction, but out of an abundance of caution granted Plaintiffs the right to conduct discovery as to whether she could establish specific jurisdiction. In a subsequent order entered April 15, 2020, I limited the scope of discovery, finding that OMMA had made a reasonable disclosure as to its involvement with the product, and that depositions of its

executives were unwarranted. The parties were then invited to submit supplemental briefing on the issue of specific jurisdiction.[1]

As set forth by the Court of Appeals, a "court exercises general jurisdiction over a defendant when the plaintiff's claim arises out of that defendant's 'continuous and systematic' contacts with the forum state. Specific jurisdiction, by contrast, is present 'when the cause of action arises from the defendant's forum related activities.'" *Chavez v. Dole Food Co., Inc.,* 836 F.3d 205, 223 (3d Cir. 2016). A cause of action arises from a defendant's forum-related activities when (1) the defendant purposefully directed its activities at the forum and (2) the litigation arose out of or relates to at least one of those activities. *Numeric Analytics, LLC v. McCabe*, 161 F. Supp. 3d 348, 355 (E.D. Pa. Feb. 9, 2016) (quoting *Int'l Shoe*, 326 U.S. at 320) (McHugh, J.). Even if the prior two requirements are met, the court may consider whether the exercise of personal jurisdiction otherwise "comports with fair play and substantial justice." *Id.*

In their supplemental briefing, Plaintiffs note that OMMA shipped 68 machines to Midwest in Minnesota over an 18-year period, and that ten of those machines eventually reached Midwest's customers in Pennsylvania. (ECF 26, Plfs Supp. Br. at 3, 4.) With respect to general jurisdiction, I concluded that these facts would not suffice, because the scope of the doctrine has been narrowed by appellate courts. As to specific jurisdiction, Plaintiffs have failed to draw a nexus between their claim and any deliberate action by OMMA in Pennsylvania.

The facts of the record are that 18 years elapsed from the time that OMMA sold the machine at issue to when Mrs. Wagner's accident occurred in 2018. (ECF 23-4, Ans. to Interrog. 2.) There is no evidence that OMMA had any involvement with the machine after it made the sale to Midwest in 2000, and OMMA has specifically represented that it did not have

---

[1] This matter has been ripe for resolution but was delayed by operational difficulties created by the pandemic, for which the Court apologizes.

any participation in the product's subsequent entry into Pennsylvania when Midwest made the sale and tendered delivery to Northway Industries, Inc.  (Id.)  Nothing in the record suggests that OMMA serviced the equipment on which Ms. Wagner was injured or was consulted about its maintenance or operation post-sale.  Separately, OMMA has represented in discovery responses that it had no direct involvement in any shipments to Pennsylvania from 2012 through 2018.  (ECF 23-4, Ans. to Interrog. 14.)  Given this record, there is no factual basis upon which this Court can assert specific jurisdiction.

And to the extent that Plaintiffs' supplemental briefing revisits the question of general jurisdiction, its discussion of the issue provides no basis for reconsideration. See *Blystone v. Horn*, 664, F.3d 397, 415 (3d Cir. 2011); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

I am therefore compelled to grant the Motion to Dismiss.

   /s/ Gerald Austin McHugh
United States District Judge

3